UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Rebecca Singleton as Administrator of the goods, chattels and credits which were of her deceased son, Ron Singleton,

                                      Plaintiff,

-against-

City of New York, Police Officer Darian Shannon, Police Lt. Michael Gandolfi, Police Officer James Smith, Police Officer Robert Holzapfel, Police Officer William Walsh, Police Officer James Gallagher, Police Sgt. Steven Cameron, Police Officer Timothy Tierney, Police Det. Robert McGee, Police Det. James Coll, and Police Officers "John Doe" # 1 to 5 (whose names being fictitious, the true names being unknown to plaintiff, the persons being New York City Police Officers),
                                      Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS**

16 CV 5455 (GBD)

Jury Trial Demanded

------------------------------------------------------------------------ x

          Defendants City of New York, Police Officer Darian Shannon, Police Lt. Michael Gandolfi, Police Officer James Smith, Police Officer Robert Holzapfel, Police Officer William Walsh, Police Officer James Gallagher, Police Sgt. Steven Cameron, Police Officer Timothy Tierney, Police Det. Robert McGee, Police Det. James Coll ("defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

          1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and seek relief as stated therein.

          2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that the City of New York is a municipal organization.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that the City of New York is a municipal organization and that it maintains a Police Department; further, defendants respectfully refer the Court to the City Charter for an accurate recitation of the relationship between defendant City and the New York City Police Department.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that Police Officer Darian Shannon is employed by the New York City Police Department as a Police Officer.

Case 1:16-cv-05455-GBD   Document 47   Filed 10/26/16   Page 3 of 13

- 3 -

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that Lieutenant Michael Gandolfi is employed by the New York City Police Department as a Lieutenant.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that Police Officer James Smith is employed by the New York City Police Department as a Police Officer.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that Police Officer Robert Holzapfel is employed by the New York City Police Department as a Police Officer.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that Police Officer William Walsh is employed by the New York City Police Department as a Police Officer.

19. Deny the allegations set forth in paragraph "19" of the complaint, except admit that Police Officer James Gallagher is employed by the New York City Police Department as a Police Officer.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that Sergeant Steven Cameron is employed by the New York City Police Department as a Sergeant.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that Police Officer Timothy Tierney is employed by the New York City Police Department as a Police Officer.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that Detective Robert McGee is employed by the New York City Police Department as a Detective.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that Detective James Coll is employed by the New York City Police Department as a Detective.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Admit, upon information and belief, the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admit that defendant Police Officer Darian Shannon was summoned by a taxi cab driver on or about July 13, 2010 at approximately 12:03 A.M.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Admit the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Admit the allegations set forth in paragraph "38" of the complaint.

39. Admit the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "42" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint, except admit that Dr. Jay Stahl-Herz determined that the manner of Ron Singleton's death on July 13, 2014 was "homicide," that the cause of death was "sudden death following physical restraint by police during excited delirium due to acute phencyclidine intoxication," and that the contributing cause of death was determined to be "hypertensive and atherosclerotic cardiovascular disease" and "obesity".

59. Admit the allegations set forth in paragraph "59" of the complaint, except deny the allegations regarding the date that the report was signed by Dr. Stahl-Herz.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint, except admit that on or about October 10, 2014, Rebecca Singleton mailed a Notice of Claim to the New York City Comptroller's Office.

68. Admit the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint, except admit that on or about August 25, 2015, Rebecca Singleton was present for a General Municipal Law 50-h hearing.

70. Deny the allegations set forth in paragraph "70" of the complaint, except admit that the complaint herein was filed with the Court on July 8, 2016.

71. In response to the allegations set forth in paragraph "71" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint, except admit that plaintiff purports to bring this action and seek relief as stated therein.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint, except admit that plaintiff purports to bring this action and seek relief as stated therein.

77. In response to the allegations set forth in paragraph "77" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint, except admit that plaintiff purports to bring this action and seek relief as stated therein.

82. In response to the allegations set forth in paragraph "82" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Paragraph "84" of the complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required. However, to the extent a response is required, defendants deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint, except admit that plaintiff purports to bring this action and seek relief as stated therein.

93. In response to the allegations set forth in paragraph "93" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. Deny the allegations set forth in paragraph "107" of the complaint.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. Deny the allegations set forth in paragraph "110" of the complaint, except admit that plaintiff purports to bring this action and seek relief as stated therein.

111. In response to the allegations set forth in paragraph "111" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

112. Deny the allegations set forth in paragraph "112" of the complaint, except admit that Ron Singleton died on July 13, 2014.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the complaint.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. Deny the allegations set forth in paragraph "115" of the complaint, except admit that plaintiff purports to bring this action and seek relief as stated therein.

116. Paragraph "116" of the complaint sets forth conclusions of law rather than averments of fact, and accordingly, no response thereto is required. However, to the extent a response is required, defendants deny the allegations set forth in paragraph "116" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

117. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

118. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

119. Any injury alleged to have been sustained resulted from the culpable or negligent conduct of plaintiff's decedent and/or the culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

120. Any stop, search, and/or detention of plaintiff's decedent was justified by probable cause and/or reasonable suspicion.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

121. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

122. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

123. To the extent the complaint alleges claims against the City of New York under state law, plaintiffs may have failed to comply with the provisions of New York General Municipal Law §§ 50(e) (h) and (i).

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

124. Defendants Shannon, Gandolfi, Smith, Police Holzapfel, Walsh, Gallagher, Cameron, Tierney, McGee, and Coll have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

125. At all times relevant to the acts alleged in the complaint, defendants Shannon, Gandolfi, Smith, Police Holzapfel, Walsh, Gallagher, Cameron, Tierney, McGee, and Coll acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** Defendants City of New York, Police Officer Darian Shannon, Police Lt. Michael Gandolfi, Police Officer James Smith, Police Officer Robert Holzapfel, Police Officer William Walsh, Police Officer James Gallagher, Police Sgt. Steven Cameron, Police Officer Timothy Tierney, Police Det. Robert McGee, Police Det. James Coll request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 26, 2016

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendants*
100 Church Street, Room 3-212
New York, New York 10007
(212) 356-2356

By: /s/
_____
Suzanna Publicker Mettham
Senior Counsel
Special Federal Litigation Division

To: Bonita E. Zelman, Esq. (By ECF)
Attorneys for Plaintiff
Administrator of the g/c/c
which were of her son, Ron Singleton
2001 Marcus Avenue, Suite S150
Lake Success, New York 11042

16 CV 5455 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Rebecca Singleton as Administrator of the goods, chattels and credits which were of her deceased son, Ron Singleton,

           Plaintiff,

-against-

City of New York, Police Officer Darian Shannon, Police Lt. Michael Gandolfi, Police Officer James Smith, Police Officer Robert Holzapfel, Police Officer William Walsh, Police Officer James Gallagher, Police Sgt. Steven Cameron, Police Officer Timothy Tierney, Police Det. Robert McGee, Police Det. James Coll, and Police Officers "John Doe" # 1 to 5 (whose names being fictitious, the true names being unknown to plaintiff, the persons being New York City Police Officers),

           Defendants.

---

.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS**

---

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel: Suzanna Publicker Mettham*
*Tel:  (212) 356-2356*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.   ...................................., 2016*

*...............................................................Esq.*

*Attorney for ...................................................*